UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GREENMAN-PEDERSEN, INC.,

                Plaintiff-Respondent,                    Civil Action No.:

      -against-

                                                    **NOTICE OF REMOVAL**

LIBERTY MUTUAL and LIBERTY INSURANCE
CORPORATION,

                Defendant-Petitioner.
-------------------------------------------------------------------x

**M A D A M S/S I R S:**

        Defendant-petitioner LIBERTY INSURANCE CORPORATION ("Liberty"), also improperly sued herein as LIBERTY MUTUAL, by its attorneys, JAFFE & ASHER LLP, respectfully allege as follows:

        1.     On or about August 18, 2022, plaintiff-respondent GREENMAN-PEDERSEN, INC. ("GPI") commenced an action entitled Greenman-Pedersen, Inc., v. Liberty Mutual and Liberty Insurance Corporation, Index No. 157081/2022, in Supreme Court of the State of New York, County of New York, by filing of a Summons and Complaint (the "Complaint"). A copy of the Summons and Complaint is annexed hereto as Exhibit "A".

        2.     The Complaint seeks a declaratory judgement regarding Liberty's alleged obligation to provide liability insurance coverage to GPI in two separately filed, but subsequently consolidated, actions entitled: Cameron Hopkins v. Sean E. Yi, et al ("the Hopkins Action") and Ramon Felipe Ferreira v. Sean R. Li, et al ("the Ferreira Action") consolidated in the United States District Court, Massachusetts No.: 4:18-cv-40197 (collectively "the Consolidated Actions").

        3.     Upon information and belief, GPI is seeking coverage under Liberty's policy that has an Each Occurrence Limit of $15,000,000.

4. The Notice of Removal is being filed by Liberty within thirty (30) days of the service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

5. Liberty's time to move, answer, or otherwise respond to the Complaint has not expired.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00, and Liberty, on the one hand, and GPI, on the other hand, are citizens of different states.

7. Upon information and belief, at all relevant times, GPI was, and still is, a domestic business corporation authorized and existing pursuant to the laws of the state of New York, with its principal place of business located at 325 West Main Street, Babylon, New York, 11702.

8. At all relevant times, Liberty was, and still is, a stock insurance company organized pursuant to the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

9. Written notice of the filing of the Notice of Removal shall be given to GPI, and Liberty shall file the notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

10. Liberty has not answered, moved, or otherwise responded to the Complaint, and no other proceedings not set forth above have occurred heretofore in this action.

11. No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendant-petitioner LIBERTY INSURANCE CORPORATION respectfully request that this action be removed to this Court.

Dated: White Plains, New York
       September 9, 2022

                                               Yours, etc.,

                                               JAFFE & ASHER LLP

                                               By: _____
                                                  Marshall T. Potashner, Esq.
                                           Attorneys for Defendant-Petitioner
                                           LIBERTY INSURANCE CORPORATION
                                           i/s/h/a LIBERTY MUTUAL
                                           445 Hamilton Avenue, Suite 405
                                           White Plains, New York 10601
                                           (212) 687-3000