# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
GREENMAN-PEDERSEN, INC.,

                              Plaintiff,

      -against-

LIBERTY MUTUAL AND LIBERTY INSURANCE
CORPORATION,
                             Defendants.
-----------------------------------------------------------------X

Index No.:

**SUMMONS**

*Plaintiff designates New York County as the place* of trial

*Basis of Venue:*
*Residence of defendant*

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to serve upon all parties an answer to the annexed Complaint of Plaintiff, which is hereby served upon you, within twenty (20) days after service thereof, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York.

In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: Garden City, New York
          August 18, 2022

                                        (Pursuant to Rule 130-1.1-a)
                                        FARBER BROCKS & ZANE L.L.P.

                                        By: _____
                                            AUDRA S. ZANE
                                        Attorneys for Plaintiff
                                        400 Garden City Plaza, Suite 100
                                        Garden City, New York 11530
                                        (516) 739-5100
                                        File No.: 635-12073

TO:    Liberty Mutual
         (*via Superintendent of Insurance*)

         Liberty Insurance Corporation
         (*via Superintendent of Insurance*)

{01213102.DOCX /}

cc: Marshall Potashner, Esq.
    Jaffe & Asher LLP
    600 Third Avenue
    New York, New York 10016

{01213102.DOCX /}                    2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
GREENMAN-PEDERSEN, INC.,

         Plaintiff,

  - against –

LIBERTY MUTUAL AND LIBERTY INSURANCE
CORPORATION,

         Defendants.
-------------------------------------------------------------------x

Index No.:

**COMPLAINT**

  Plaintiff Greenman-Pedersen, Inc. ("GPI"), by and through their attorneys, Farber Brocks & Zane L.L.P., as and for its Complaint against the above-named Defendants, Liberty Mutual Insurance and Liberty Insurance Corporation (collectively referred to as "Liberty"), alleges, upon information and belief, as follows:

  1. GPI brings this Complaint for, among other things, a declaration that Liberty has an obligation to provide insurance coverage to it in connection with two separately filed but subsequently consolidated actions: *Cameron Hopkins v. Sean E. Yi, et al.*, ("the Hopkins Action") and *Ramon Felipe Ferreira v. Sean R. Li, et al.*, ("the Ferreira Action") consolidated in the United States District Court, Massachusetts No.: 4:18-cv-40197 (sometimes collectively "the Consolidated Actions").

<u>**THE PARTIES**</u>

  2. At all times relevant times, GPI is a domestic corporation authorized and existing pursuant to the laws of the state of New York.

  3. Upon information and belief, Liberty is a licensed insurance company authorized to issue policies of insurance in the state of New York with offices in and transacting business in the State of New York.

{01213104.DOCX /}

1 of 13

## THE LIBERTY POLICY

4. Liberty issued a policy of insurance to GPI, Policy No. TH7-611-260851-027, for the policy period December 31, 2017, to December 31, 2018 ("the Liberty Policy").

5. The Liberty Policy was issued to a New York insured, GPI.

6. The Liberty Policy was issued in the State of New York.

7. The Liberty Policy was delivered in the State of New York.

8. The Liberty covers risks within the State of New York.

9. The Liberty Policy carries limits of liability of $15 million each occurrence and in the general aggregate in excess of $2 million in underlying insurance.

10. The Liberty Policy provides Products-Completed Operations Hazard Coverage with a $15 million aggregate limit in excess of $2 million in underlying insurance.

11. The Products-Completed Operations coverage part of the Liberty Policy provides coverage for GPI for, among other things, bodily injury occurring away from premises owned or rented by GPI and arising out of GPI's "work".

12. GPI's "work" is defined by the Liberty Policy to include "the providing of or failure to provide warnings or instructions."

13. Liberty claims that its policy contains one or more professional services exclusions.

## THE ACCIDENT AND THE CONSOLIDATED ACTIONS

14. The Consolidated Actions relate to a September 12, 2018, automobile accident alleged to have been caused by certain construction related activities performed by, among others, GPI, on Highway 146 near Exit 8 in Millbury Massachusetts ("the Accident").

15. At the time of the Accident, GPI's work on the project at issue had been completed or otherwise put to its intended use.

16. The Accident is alleged to have resulted in injury to both Cameron Hopkins and Ramon Felipe Ferreira.

17. In or about November 21, 2018, Hopkins commenced the Hopkins Action seeking to recover monetary damages on account of the bodily injuries he alleged to have sustained in the Accident.

18. In or about March 26, 2019, Ferriera commenced the Ferriera Action seeking to recover monetary damages for the bodily injuries he alleges to have sustained in the Accident.

19. In or about August 19, 2019, the Hopkins and Ferreira Actions were consolidated by Court Order.

20. The Complaints in the Consolidated Hopkins and Ferreira Actions were ultimately amended to include GPI as a party defendant on substantially identical claims that the Accident and resultant injuries to Hopkins and Ferreira were caused by the carelessness and negligence of all of the named defendants, including GPI, in connection with, among other things, the means and methods of general construction including the use and installation of a certain Zone Guard barrier.

21. The allegations against GPI in the Consolidated Actions also include claims that GPI failed to warn or otherwise give instructions to others on the job site relative to the general construction work and the means and methods of general construction relating thereto.

22. GPI is currently being afforded coverage for the Consolidated Actions by its general liability insurance carrier, Starr Indemnity Insurance Company, under its policy of general liability insurance coverage which is specifically identified in the schedule of Underlying Insurance in the Liberty Policy.

23. Upon information and belief, the defense and indemnity of GPI in the Consolidated Action has or will exceed and exhaust the limits of Underlying Insurance available to GPI.

## LIBERTY'S COVERAGE POSITION IN THE HOPKINS ACTION

24. Liberty was at all times and from at least February 28, 2020 aware of the Accident and the Hopkins Action.

25. Liberty issued a reservation of rights letter dated June 12, 2020, with respect to the Hopkins Action based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy.

26. Liberty was at all times provided with regular reports and updates on the status of and developments in the Hopkins Action, which information included the nature and scope of the services that GPI provided on the subject construction project.

27. Liberty communicated with GPI with respect to the Hopkins Action.

28. Liberty communicated with GPI's defense counsel in the Hopkins Action.

29. Liberty was at all times included in communications relating to strategy and the handling of the Hopkins Action.

30. Liberty was aware that this matter was scheduled for mediation in November of 2021, but took no further action regarding coverage.

31. Liberty was informed that the November 2021 mediation was adjourned and rescheduled for April 27, 2022.

32. Liberty issued another reservation of rights letter dated March 2, 2022, based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy with respect to the Hopkins action.

33. By letter dated April 21, 2022, Liberty disclaimed coverage for the Hopkins Action on the eve of mediation based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy.

{01213104.DOCX /}

4

## LIBERTY'S COVERAGE POSITION IN THE FERREIRA ACTION

34. Liberty was at all times and from at least February of 2020 aware of the Accident.

35. Liberty was at all times and from at least April of 2020 aware of the Ferreira Action.

36. Liberty issued a reservation of rights letter dated September 25, 2020, based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy with respect to the Ferreira Action .

37. Liberty was at all times provided with regular reports and updates on the status of and developments in the Ferreira Action, which information included the nature and scope of the services that GPI provided on the subject construction project.

38. Liberty communicated with GPI with respect to the Ferreira Action.

39. Liberty communicated with GPI's defense counsel in the Ferreira Action.

40. Liberty was at all times included in communications relating to strategy and the handling of the Ferreira Action.

41. Liberty was aware this matter was scheduled for mediation in November of 2021, but took no further action regarding coverage.

42. Liberty was informed that the November 2021 mediation was adjourned and rescheduled for April 27, 2022.

43. Liberty issued another reservation of rights letter dated March 2, 2022, based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy with respect to the Ferreira action.

44. By letter dated April 21, 2022, Liberty disclaimed coverage for the Ferreira Action on the eve of mediation based upon the professional services exclusions Liberty claims to have been a part of the Liberty Policy.

## AS AND FOR A FIRST CAUSE OF ACTION

45. GPI repeats, reiterates and realleges each and every allegation contained in paragraphs nos. "1" through "44" as though fully set forth herein.

46. The professional services exclusions relied upon by Liberty for its declination of coverage to GPI in the Hopkins Action do not unambiguously apply to preclude coverage for the claims asserted against GPI in the Hopkins Action.

47. Liberty wrongfully denied coverage to GPI for the Hopkins Action under the Liberty Policy.

48. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Hopkins Action.

49. As a result, a justiciable controversy exists between the parties under the terms, conditions and exclusions of the Liberty Policy.

50. GPI has no adequate remedy at law.

51. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Hopkins Action.

## AS AND FOR A SECOND CAUSE OF ACTION

52. GPI repeats, reiterates and realleges each and every allegation contained in paragraphs nos. "1" through "51" as though fully set forth herein.

53. The professional services exclusions relied upon by Liberty for its reservation of Rights to GPI in the Ferreira Action do not unambiguously apply to preclude coverage for the claims asserted against GPI in the Ferreira Action.

54. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Ferreira Action.

55. As a result, a justiciable controversy exists between the parties under the terms, conditions and exclusions of the Liberty Policy.

56. GPI has no adequate remedy at law.

57. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Ferreira Action.

## AS AND FOR A THIRD CAUSE OF ACTION

58. GPI repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "57" as though fully set forth herein.

59. Liberty knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions it relies upon at or about the time it issued its reservation of rights dated June 12, 2020, for the Hopkins Action.

60. Liberty knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions it relies upon at or about the time it issued its reservation of rights dated March 2, 2022 for the Hopkins Action.

61. Liberty knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions sometime prior to its denial of coverage to GPI for the Hopkins Action.

62. Upon information and belief, Liberty continued to take part in communications and interactions with both GPI and its defense counsel with respect to the handling of the defense of GPI in the Hopkins Action after it knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions it relies upon.

63. Liberty failed to reasonably investigate the grounds for non-coverage that exist or may exist under the Liberty Policy in accordance with its obligations to GPI under the Liberty Policy and/or the law.

64. Liberty unreasonably delayed in denying coverage to GPI for the Hopkins Action.

65. As a result, Liberty waived its right to deny coverage to GPI for the Hopkins Action under the Liberty Policy.

66. Liberty is estopped from denying coverage to GPI for the Hopkins Action.

67. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Hopkins Action.

68. As a result, a justiciable controversy exists between the parties under the terms, conditions and exclusions of the Liberty Policy.

69. GPI has no adequate remedy at law.

70. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Hopkins Action.

### AS AND FOR A FOURTH CAUSE OF ACTION

71. GPI repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "70" as though fully set forth herein.

72. The facts at issue and the claims asserted against GPI in the Ferreira Action are substantially identical to those asserted against GPI in the Hopkins Action.

73. Liberty knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions it relies upon at or about the time it issued its reservation of rights dated September 25, 2020, for the Ferreira Action.

74. Liberty knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions sometime prior to its denial of coverage to GPI for the Ferreira Action.

75. Upon information and belief, Liberty continued to take part in communications and interactions with both GPI and its defense counsel with respect to the handling of the defense of GPI in the Ferreira Action after it knew or should have known of the facts that formed the basis of its denial of coverage based upon the professional services exclusions it relies upon.

76. Liberty failed to reasonably investigate the grounds for non-coverage that exist or may exist under the Liberty Policy in accordance with its obligations to GPI under the Liberty Policy and/or the law.

77. Liberty unreasonably delayed in denying coverage to GPI for the Ferreira Action.

78. As a result, Liberty waived its right to deny coverage to GPI for the Ferreira Action under the Liberty Policy.

79. Liberty is estopped from denying coverage to GPI for the Ferreira Action.

80. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Ferreira Action.

81. As a result, a justiciable controversy exists between the parties under the terms, conditions and exclusions of the Liberty Policy.

{01213104.DOCX /}

9

82. GPI has no adequate remedy at law.

83. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Ferreira Action.

## AS AND FOR A FIFTH CAUSE OF ACTION

84. GPI repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "83" as though fully set forth herein.

85. Liberty took part in communications with GPI and its defense counsel regarding the handling of the defense of GPI, including issues relating to strategy after it became aware of facts that form the basis of its disclaimer of coverage to GPI in the Hopkins Action.

86. GPI reasonably relied upon Liberty's conduct, including its communications with GPI and its defense counsel regarding the handling of the defense of GPI after it became aware of facts that form the basis of its disclaimer of coverage to GPI in the Hopkins Action to mean that Liberty would provide coverage to it for the Accident and the Hopkins Action.

87. Liberty unreasonably delayed in denying coverage to GPI for the Hopkins Action.

88. Had GPI known that Liberty would not provide coverage to it for the Accident and the Hopkins Action it would have defended itself differently in the Hopkins Action.

89. GPI was prejudiced by its reasonable reliance on Liberty's conduct and by Liberty's unreasonable delay in denying coverage for the Hopkins Action.

90. Liberty is, therefore, estopped from denying coverage to GPI for the Hopkins Action.

91. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Hopkins Action.

92. As a result, a justiciable controversy exists between the parties other under the terms, conditions and exclusions of the Liberty Policy.

93. GPI has no adequate remedy at law.

94. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Hopkins Action.

### AS AND FOR A SIXTH CAUSE OF ACTION

95. GPI repeats, reiterates and realleges each and every allegation set forth in paragraphs "1" through "94" as though fully set forth herein.

96. Liberty took part in communications with GPI and its defense counsel regarding the handling of the defense of GPI in the Ferreira Action, including issues relating to strategy after it became aware of facts that form the basis of its disclaimer of coverage to GPI in the Ferreira Action.

97. GPI reasonably relied upon Liberty's conduct, including its communications with GPI and its defense counsel regarding the handling of the defense of GPI after it became aware of facts that form the basis of its disclaimer of coverage to GPI in the Ferreira Action, to mean that Liberty would provide coverage to GPI for the Accident and the Ferreira Action.

98. Liberty unreasonably delayed in denying coverage to GPI for the Ferreira Action.

99. Had GPI known that Liberty would not provide coverage to it for the Accident and the Ferreira Action it would have defended itself differently in the Ferreira Action.

100. GPI was prejudiced by its reasonable reliance on Liberty's conduct and by Liberty's unreasonable delay in denying coverage for the Ferreira Action.

101. Liberty is, therefore, estopped from denying coverage to GPI for the Ferreira Action.

102. As a result, Liberty is obligated to provide coverage to GPI in connection with the Accident and any claims or lawsuits resulting therefrom, including the Ferreira Action.

103. As a result, a justiciable controversy exists between the parties under the terms, conditions and exclusions of the Liberty Policy.

104. GPI has no adequate remedy at law.

105. GPI, therefore, respectfully requests that this Court render a declaratory judgment declaring that Liberty has an obligation to provide coverage to GPI under the Liberty Policy in connection with the Accident and resulting claims or lawsuits, including the Ferreira Action.

*WHEREFORE*, GPI demands judgment on its causes of action, together with costs, disbursements, attorneys' fees and such other and further relief as this Court may deem just and proper.

Dated: Garden City, New York
August 18, 2022

FARBER BROCKS & ZANE L.L.P.

By: _____
Audra S. Zane
400 Garden City Plaza, Suite 100
Garden City, New York 11530
(516) 739-5100
Attorneys for Plaintiff
File No.: 635-12073

TO: Liberty Mutual
(*via Superintendent of Insurance*)

Liberty Insurance Corporation
(*via Superintendent of Insurance*)

cc: Marshall Potashner, Esq.
Jaffe & Asher LLP
600 Third Avenue
New York, New York 10016